UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**ELTON EARL GRAVES,**
    Petitioner,

   v.          Case No. 15-20494-CIV-GAYLES/WHITE

**JULIE L. JONES,** *Secretary, Florida Department of Corrections*,
    Respondent.
_____/

## ORDER AFFIRMING AND ADOPTING REPORT OF MAGISTRATE JUDGE

**THIS CAUSE** came before the Court on Magistrate Judge Patrick A. White's Report of Magistrate Judge ("Report") [ECF No. 15] entered on December 3, 2015. Petitioner Elton Earl Graves filed a Petition for Writ of Habeas Corpus with the Court on February 9, 2015. [ECF No. 1] ("Petition"). The matter was referred to Judge White, pursuant to 28 U.S.C. § 63(b)(1)(B) and Administrative Order 2003-19 of this Court, for a ruling on all pretrial, nondispositive matters, and for a Report and Recommendation on any dispositive matters. [ECF No. 3]. Judge White's Report recommends (1) that the Court deny the Petitioner's Writ of Habeas Corpus and (2) that a certificate of appealability be denied. *See* Report at 21. The Petitioner has filed objections to the Report. [ECF No. 16] ("Objections").

When a magistrate judge's "disposition" has properly been objected to, district courts must review the disposition *de novo*. Fed. R. Civ. P. 72(b)(3). The Court has undertaken a *de novo* review of the record, including the Report, the Objections, and the relevant legal authority.

**I. BACKGROUND**

  **A. *Procedural History***

On February 11, 2010, a jury in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County convicted the Petitioner of attempted second-degree murder of a law

enforcement officer and resisting arrest with violence. Resp. Apps. C, D. He was found not guilty of attempting to deprive an officer of his means of protection. *Id.* The trial judge sentenced him to a term of life in prison as a habitual felony offender as to the first count and a concurrent term of ten years of imprisonment as to the second count. Resp. App. E. The Petitioner appealed his convictions directly to Florida's Third District Court of Appeal ("Third DCA"), raising only the issue that the trial court erred in allowing the State to introduce evidence of unchanged offenses. Resp. App. F. The Third DCA affirmed the Petitioner's convictions and sentences. *See Graves v. Florida*, 77 So. 3d 1269 (Fla. 3d DCA 2011) (per curiam). The Petitioner's *pro se* motion for rehearing was denied, and he did not seek review before the Florida Supreme Court or the U.S. Supreme Court.

Four months later, the Petitioner filed a *pro se* motion to correct an illegal sentence pursuant to Fla. R. Crim. P. 3.800(a), arguing that his life sentenced exceeded the applicable statutory maximum of thirty years. Resp. App. L. The trial court denied this motion, finding that under Fla Stat. §§ 782.04 and 775.0823 the Petitioner's enhancement as a habitual offender lawfully made his possible sentencing range up to life imprisonment, and thus the trial court's imposition of such a sentence was permissible. Resp. App. O. The Petitioner did not appeal this ruling; however, two months later he filed (again in the trial court) a motion for postconviction relief under Fla. R. Crim. P. 3.850, challenging his convictions and sentences on the ground of ineffective assistance of counsel. Resp. App. P. The trial court, finding the Petitioner's claim meritless, denied his motion. Resp. App. R. Again, the Petitioner did not appeal this ruling.

Three months after his Rule 3.850 motion was denied, the Petitioner filed another motion under Fla. R. Crim. P. 3.800, challenging his life sentence on the same grounds as in the earlier Rule 3.800 motion. Resp. App. S. The trial court denied this motion, as well, ruling it an improper successive motion and finding that the Petitioner was collaterally estopped from

relitigating this claim that had been previously raised and rejected in the ruling on the earlier motion. Resp. App U.

The Petitioner appealed this denial, arguing that the trial court abused its discretion in applying collateral estoppel to bar his relief and that his life sentence could be corrected pursuant to the manifest justice exception. Resp. App. X. The Third DCA again affirmed the trial court's ruling. *See Graves v. Florida*, 150 So. 3d 1154 (Fla. 3d DCA 2014) (per curiam). The Petitioner filed a motion for rehearing, arguing for the first time that his life sentence was rendered in violation of *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and *Blakely v. Washington*, 542 U.S. 296 (2004). Resp. App. Z. The Third DCA denied this motion. Resp. App. AA.

Four months later, the Petitioner filed the instant *pro se* Petition for Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2254. The Respondent filed her opposition to the Petition, asserting that the Petitioner's claims are unexhausted and procedurally barred from federal habeas review. *See* Resp. at 13-16. The Petitioner replied.

### B. *Judge White's Report*

In his Report, Judge White concluded that the Petitioner is not entitled to federal habeas review of the claims presented in his Petition.

#### 1. Ineffective Assistance of Counsel Claim

Upon review of the Record, Judge White noted that the Petitioner failed to exhaust his claim for ineffective assistance of counsel in the state court. The Petitioner did raise this claim in his Rule 3.850 motion for postconviction relief, which is permitted under Florida law, but he failed to appeal the trial court's denial of this motion. *See* Report at 7-8 (citing *Leonard v. Wainwright*, 601 F.2d 807, 808 (5th Cir. 1979)).[1] Thus, Judge White concluded that the Petitioner's unexhausted

---

[1] The Eleventh Circuit has adopted as binding precedent all decisions of the former Fifth Circuit rendered before October 1, 1981. *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc).

claim is procedurally barred under Florida law, as the Petitioner can no longer take a timely appeal from the trial court's order denying his Rule 3.850 motion. Report at 8-9 (citing Fla. R. App. P. 9.140(b)(3)). Further, Judge White concluded that this default cannot be excused through a showing of either (1) cause for and actual prejudice from the default or (2) a fundamental miscarriage of justice. *Id.* at 10 (citing *Maples v. Thomas*, — U.S. —, 132 S. Ct. 912 (2012)).

The gravamen of the Petitioner's ineffective assistance claim is that his lawyer improperly advised him to reject the State's plea offer of seven to eight years' imprisonment, advising him that he was likely to prevail at trial. The Petitioner argues that, due to his counsel's bad advice, he received a life sentence. Judge White, however, concluded that this claim is meritless, because whatever statements the Petitioner's counsel may have made, the trial judge held a colloquy in open court wherein he informed the Petitioner that the maximum penalty he faced was life in prison. In spite of that warning, and in spite of a statement from his trial counsel before the judge that the Petitioner should have taken the seven-year plea offer, the Petitioner told the judge it was his decision to go to trial and he accepted full responsibility for that decision. *See generally* Report at 15-19. Accordingly, Judge White determined that the Petitioner is unable to satisfy the actual prejudice element that would allow his procedural default to be excused, and recommends that federal habeas relief on the ineffective assistance claim be denied.

### 2. Life Sentence Claim

Judge White also found procedurally defaulted the Petitioner's claim that the trial court's imposition of a life sentence was unconstitutional. Florida law mandates that a defendant may not obtain a merits review of a claim raised for the first time in a motion for rehearing, which is precisely what the Petitioner did in his state court proceeding. *See id.* at 10 (citing *Griffin v. Florida*, No. 08-0201, 2009 WL 691327 (N.D. Fla. Mar. 13, 2009); *Cleveland v. Florida*, 887 So. 2d 362 (Fla. 5th DCA 2004); Fla. R. App. P. 9.330)).

Even so, Judge White considered the merits of the Petitioner's claim. Based on a review of Florida case law refusing to find Florida's habitual felony offender statute unconstitutional, Judge White concluded that Florida's habitual offender sentencing provisions allow for the enhancement of sentences under the Petitioner's circumstances. Judge White further concluded that the default cannot be excused here because there is no merit to the Petitioner's claim sufficient to show actual prejudice.

## II.   OBJECTIONS

The Petitioner's first objection, that the opening paragraph of the Report incorrectly states that he was convicted and sentenced in the "Circuit Court of the Seventeenth Judicial Circuit of Florida at Miami-Dade County," is well taken. *See* Objections at 1; *see also* Report at 1. In fact, the Petitioner was convicted and sentenced in the Circuit Court of the *Eleventh* Judicial Circuit. This issue, however, is not dispositive of the Petitioner's claims.

His next objection is that the law in effect at the time he committed the offense would not allow for an enhanced sentence under Fla. Stat. § 775.0823. The Petitioner is incorrect. Although the Law Enforcement Protection Act did not originally provide for a penalty increase for attempted second-degree murder of a law enforcement officer, this provision was added to the statute by the Florida Legislature effective October 1, 1995—over a decade before the Petitioner committed his offenses on December 12, 2007. *See* 1995 Fla. Sess. Law Serv. Ch. 95-184. The Court has also reviewed the record and the authority regarding the trial court's imposition of a life sentence and finds Judge White's analysis to be well-reasoned and sound.

The Court concludes that the remainder of the Objections—*i.e.*, that the victim should have waited for back-up to arrive on the day of the incident, that the trial judge "felt obligated" to impose a life sentence because the victim "staged a dramatic performance before the court," and that the trial judge was somehow influenced in sentencing because the courtroom "was filled with

5

other Latin Fraternal Organization members"—are without merit. *See* Objections at 4. The Court, therefore, is in full agreement with Judge White's comprehensive analysis and recommendations and concludes that the Petition shall be denied.

## III. CERTIFICATE OF APPEALABILITY

Under 28 U.S.C. § 2253(c)(1), an appeal may not be taken from a final order in a habeas corpus proceeding unless a certificate of appealability is issued. The certificate must contain a finding that the applicant has made a substantial showing of the denial of a constitutional right and must indicate which specific issue or issues satisfy the required showing. Applying these standards, the Court finds that there is no substantial showing of a denial of a constitutional right. Accordingly, a certificate of appealability shall not issue.

## IV. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** that the Petitioner's Objections [ECF No. 16] are **OVERRULED** and that Judge White's Report and Recommendation [ECF No. 15] is **AFFIRMED AND ADOPTED** as follows:

(1) the Petitioner Elton Earl Graves's Petition for Writ of Habeas Corpus [ECF No. 1] is **DENIED**;

(2) a certificate of appealability shall not issue;

(3) all pending motions, if any, are **DENIED AS MOOT**; and

(4) the Clerk is directed to **CLOSE** this case.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 8th day of January, 2016.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE